IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| AMELIA YOUNG | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 7:16-cv-435 |
| NATIONWIDE PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY, | § | |
| *Defendant*. | § | |
| | § | |

## NOTICE OF REMOVAL

Defendant Nationwide Property and Casualty Insurance ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Amelia Young v. Nationwide Property and Casualty Insurance Company*; Cause No. C-3203-16-J, in the 430th Judicial District of Hidalgo County, Texas.

## I.
## BACKGROUND

1.     Plaintiff Amelia Young (hereinafter "Plaintiff") initiated the present action by filing her Original Petition in Cause No. C-3203-16-J, in the 430th Judicial District of Hidalgo County, Texas on July 8, 2016 (the "State Court Action").  *See* Plaintiff's Original Petition, attached as **Exhibit A**.

2.     Defendant appeared and answered on July 26, 2016, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.  *See* Defendant's Original Answer, attached as **Exhibit B**.

3.     Pursuant to 28 USC § 1446(a) and Local Rule 81, all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action not otherwise specifically identified as separate exhibits have been requested and will be filed upon receipt.

4.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through her attorney of record, and to the clerk of the 430th Judicial District of Hidalgo County, Texas.

5.      Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.      Diversity of Parties**

7.      Plaintiff is domiciled in Hidalgo County, Texas.  Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

8.      Nationwide Property and Casualty Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Columbus, Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

9.      Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.      Amount in Controversy**

10.      Plaintiff's Original Petition states that Plaintiff seeks "monetary relief between $200,000 (two-hundred thousand) and $1,000,000.00 (one-million) dollars."   *See* Plaintiff's

Original Petition, **Exhibit A**, ¶ I.  The threshold for diversity jurisdiction, $75,000, is therefore meet by the allegations of Plaintiff's Original Petition.

11.     Plaintiff further seeks compensation for (1) actual damages, (2) attorney's fees, (3) costs of suit, (4) mental anguish damages, (5) statutory damages, (6) exemplary damages, and (7) pre and post-judgment interest.  *See* **Exhibit A,** ¶ XIII.  Plaintiff has alleged that Defendant's conduct was wrongful and done knowingly, entitling her to a trebling of actual damages under Texas Insurance Code Chapter 541.  *See* **Exhibit A,** ¶ VII; Tex. Ins. Code sections 541.002 & 541.152. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[1]

12.     The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**.  Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

13.     Removal of this action under 28 U.S.C. § 1441(b) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been meet.

14.     WHEREFORE, Defendant Nationwide Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

---

[1]     *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

Respectfully submitted,

/s/ Patrick M. Kemp
Patrick M. Kemp
Texas Bar No. 24043751
Southern District Bar No. 38513
pkemp@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT
NATIONWIDE PROPERTY AND CASUALTY
INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District Bar No. 1117137
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following counsel of record via certified mail, return receipt requested on this 26th day of July, 2016.

Surya Mangi                                    *7196 9008 9111 1861 5515*
Vicente Gonzalez
V. Gonzalez & Associates, P.C.
121 N. 10th Street
McAllen, Texas 78501
surya@vgonzalezlaw.com

/s/ Patrick M. Kemp
Patrick M. Kemp

4